# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL H. DUPART** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-203** |
| **SAVAGE SERVICES CORPORATION, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Daniel Dupart's ("Dupart") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is denied.

## I.

On December 7, 2018, Dupart filed this lawsuit in the 32nd Judicial District Court for the Parish of Terrebonne against defendants Savage Services Corporation ("Savage"), Dwayne Pinell ("Pinell," misnamed as "Dwayne Pinnel" in Dupart's state court petition[2]), and Tim Callahan ("Callahan") (collectively, the "defendants").[3] Dupart alleges that Savage subjected him to racially discriminatory treatment, which culminated in the termination of his employment on the basis of race in violation of Louisiana law.[4] He also asserts claims against Pinell and Callahan, his supervisors at Savage, for intentional and negligent infliction of emotional distress.[5]

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 1, at 2.
[3] R. Doc. No. 6-2, at 1.
[4] *Id.* at 2.
[5] *Id.* at 3–4.

On January 11, 2019, the defendants removed the case to this Court.[6] In their notice of removal, the defendants concede that Pinell and Callahan are Louisiana citizens, thereby destroying diversity among the parties.[7] However, they assert that Pinell and Callahan were improperly joined and, therefore, should not be considered for purposes of establishing diversity jurisdiction.[8] Dupart disputes the defendants' contention and moves the Court to remand this matter for lack of subject matter jurisdiction.[9]

**II.**

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any action over which the federal courts have original jurisdiction. Pursuant to § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. "The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting § 1441(b)). Thus, a lack of complete diversity among the parties will not render a case non-removable if an in-state party has been improperly joined.

The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish

---

[6] R. Doc. No. 1.
[7] *Id.* at 2.
[8] *Id.*
[9] R. Doc. No. 6, at 1.

a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).[10] To establish improper joinder the second way, "the test . . . is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* The possibility must be reasonable, not merely theoretical. *Travis*, 326 F.3d at 648 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). In other words, the Court must determine whether "there is no reasonable basis for predicting that state law would allow recovery against [the] in-state defendant[s]." *Smallwood*, 385 F.3d at 571.

Typically, if a plaintiff's pleadings would survive a challenge under Rule 12(b)(6) of the Federal Rules of Civil Procedure, there is no improper joinder. *Id.* at 573. If "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,] . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit has cautioned, however, that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74.

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). When deciding whether a party was improperly joined, courts must resolve all

---

[10] The defendants have not alleged that Dupart's state court petition amounts to actual fraud in the pleading of jurisdictional facts.

3

contested issues and state-law ambiguities in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "The removing party bears the burden of establishing that federal jurisdiction exists," *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), and this burden is particularly "heavy" when removal is based on a claim for improper joinder. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996).

### III.

As an initial matter, the defendants object to the fact that Dupart has a separate lawsuit pending before this Court that arises out of the same set of facts.[11] They argue that the two lawsuits constitute impermissible "claims splitting" and that such "blatant gamesmanship," alone, should defeat Dupart's motion to remand.[12] Federal courts will typically avoid "duplicative" litigation within the federal court system. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But "the general rule is that a pending state-court action 'is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Wyles v. Sussman*, 661 F. App'x 548, 551 (10th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).[13] Dupart is free to simultaneously pursue separate claims arising out of the same set of facts in different forums.

---

[11] *See* R. Doc. No. 16, at 3.
[12] *Id.* at 3–4.
[13] The defendants suggest eliminating the jurisdictional issue by simply consolidating the two cases to create federal question jurisdiction. *See* R. Doc. No. 16, at 3–4. However, the Court cannot consolidate the two matters unless it has subject matter jurisdiction over each. Consequently, the Court must first resolve the pending motion to remand. If it determines that subject matter jurisdiction exists in this case, and it

4

Alternatively, the defendants argue that Pinell and Callahan, both of whom are non-diverse defendants, were improperly joined.[14] First, the defendants assert that any negligence claim against Pinell and Callahan is barred by the Louisiana Workers' Compensation Act, La. Stat. Ann. § 23:1032 (the "LWCA").[15] Under the LWCA,

> [e]xcept for intentional acts . . . , the rights and remedies herein granted to an employee . . . on account of an injury . . . for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages . . . .

§ 23:1032(A)(1)(a). "This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer . . . or any such employee of such employer . . . ." § 23:1032(A)(1)(b). As a result, courts have consistently held that negligent infliction of emotional distress claims against employers and their employees are barred by the LWCA's exclusivity provision. *See, e.g.*, *Patton v. Jacobs Eng'g Grp., Inc.*, No. 15-123, 2015 WL 3964719, at *3 (M.D. La. June 29, 2015); *Gonzales v. T. Baker Smith, LLC*, No. 13-644, 2014 WL 905281, at *3 (M.D. La. Mar. 7, 2014) (citing *Tumbs v. Wemco. Inc.*, p. 3, 97-2437 (La. App. 4 Cir. 4/22/98); 714 So. 2d 761, 763); *Bertaut v. Folger Coffee Co.*, No. 06-2437, 2006 WL 2513175, at *3 (E.D.

---

denies the motion to remand, then the Court may assess the appropriateness of consolidating the cases.

[14] R. Doc. No. 16, at 4.

[15] *See id.* at 6. The defendants also assert that Dupart has no legally cognizable claim against Pinell and Callahan under the Louisiana Employment Discrimination Law, La. Stat. Ann. § 23:303. *Id.* at 5. But in a February 7, 2019 telephone conference with the Court, Dupart's counsel clarified that the only claims that Dupart is asserting against Pinell and Callahan are claims for intentional and negligent infliction of emotional distress.

La. Aug. 29, 2006) (Zainey, J.); *Gilpin v. Elmer Candy Corp.*, No. 99-1475, 2000 WL 713195, at *3 (E.D. La. June 2, 2000) (Porteous, J.).[16] This Court similarly concludes that Dupart's claim for negligent infliction of emotional distress is barred by the LWCA.

With respect to Dupart's claim for *intentional* infliction of emotional distress, the defendants argue that the Louisiana Employment Discrimination Law, La. Stat. Ann. § 23:303, provides the exclusive statutory basis for an employment discrimination claim. However, Louisiana courts recognize claims for intentional infliction of emotional distress in the workplace. *See generally LaBove v. Raftery*, 00-1394 (La. 11/28/01); 802 So. 2d 566; *see also Tatum v. United Parcel Serv., Inc.*, No. 07-1347, 2007 WL 1799681, at *3 (E.D. La. June 21, 2007) (Berrigan, J.).

Finally, the defendants argue that, even if Dupart's intentional tort claims are not precluded, the factual allegations in his state court petition are insufficient to state a claim for relief for intentional infliction of emotional distress.[17] To do so, a plaintiff must sufficiently allege: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe;

---

[16] The Louisiana First Circuit Court of Appeals has held that the LWCA does not bar *all* negligent infliction of emotional distress claims against an employer. *Richardson v. Home Depot USA*, 00-393, p. 8 (La. App. 1 Cir. 3/28/01); 808 So. 2d 544, 550. However, the court explained that, for a plaintiff's negligent infliction of emotional distress claim to fall outside the ambit of the LWCA's exclusivity provision, he must sufficiently allege that the employer compelled him to perform duties that were dangerous to his welfare, contrary to the communicated advice of a doctor, and which the employer knew or should have known would result in his mental deterioration. *Id.* at 550–51. Dupart has not alleged any facts in his state court petition that correspond with the foregoing elements. *See Patton*, 2015 WL 3964719, at *3 n.3.
[17] R. Doc. No. 16, at 7.

6

and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

"A plaintiff's status as an employee may entitle him to a greater degree of protection from insult and outrage by a supervisor with authority over him than if he were a stranger." *Id.* at 1210. However, [Louisiana's] jurisprudence has limited the cause of action" in the workplace setting "to cases which involve a pattern of deliberate, repeated harassment over a period of time." *Nicholas v. Allstate Ins. Co.*, 99-2522, p. 11–12 (La. 8/31/00); 765 So. 2d 1017, 1025. "Conduct which is merely tortuous or illegal does not rise to the level of being extreme and outrageous." *Id.* at 1026. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *White*, 585 So. 2d at 1205.

Dupart's state court petition alleges that Pinell and Calahan used racial slurs, "perpetrat[ed] disparate treatment," and "participat[ed] in creating a hostile work environment." Dupart does not explain how Pinell and Callahan treated him differently from other employees or how they created a hostile work environment— beyond the use of racial slurs. The Court finds that the allegations simply do not rise to the level of "extreme and outrageous" conduct necessary for an intentional infliction of emotional distress claim under Louisiana law. *See Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 323–24 & n.1, 329 (5th Cir. 2008) (affirming the dismissal of an intentional infliction of emotional distress claim under Louisiana law where the plaintiff alleged that her supervisor made racist remarks to

her); *Charles v. JetBlue Airways Corp.*, No. 08-40, 2009 WL 273206, at *11–12 (E.D. La. Jan. 26, 2009) (Duval, J.) (reviewing analogous Fifth Circuit cases and holding that "it is apparent that Plaintiff's allegations that she was the subject of racial slurs from her fellow employees does not amount to the level of 'extreme and outrageous' conduct that can allow Plaintiff to recover for intentional infliction of emotional distress"); *Mitchell v. Tracer Const. Co.*, 256 F. Supp. 2d 520, 527 (M.D. La. 2003) (finding that the plaintiff's allegations that he was "subjected to racial slurs and badgering . . . simply [did] not rise to the high level of . . . conduct, over a sufficient period of time, to constitute a tort under existing Louisiana law" and subsequently finding improper joinder).

There is no reasonable possibility that Dupart will recover against Pinell and Callahan individually for their intentional infliction of emotional distress, as alleged in the complaint. Therefore, the Court concludes that Pinell and Callahan were improperly joined. *See International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (affirming the district court's denial of the plaintiff's motion to remand because it had not stated a claim against the defendant that "survives a Rule 12(b)(6)-type analysis").

**IV.**

The defendants request that the Court award them fees under Rule 11 of the Federal Rules of Civil Procedure because Dupart lacked a "reasonable basis" for seeking remand of this case and sought to impermissibly split his claims by filing a

separate lawsuit in federal court.[18] However, Rule 11(c)(2) requires that a motion for sanctions "be made separately from any other motion." The rule also requires that the party seeking sanctions serve the non-moving party and allow it twenty-one days to correct the challenged document or contention before filing the motion for sanctions with the Court. Fed. R. Civ. P. 11(c)(2). The defendants have not provided the Court with anything to suggest that they have complied with these prerequisites, and the Court declines to award the defendants their requested attorneys' fees.

V.

For the foregoing reasons,

**IT IS ORDERED** that Daniel Dupart's motion to remand is **DENIED.**

**IT IS FURTHER ORDERED** that Daniel Dupart's claims against Dwayne Pinnel and Tim Callahan are **DISMISSED WITHOUT PREJUDICE.**[19]

**IT IS FURTHER ORDERED** that Savage Services Corporation, Dwayne Pinnel, and Tim Callahan's request for attorneys' fees is **DENIED.**

New Orleans, Louisiana, February 20, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 16, at 8.
[19] *Alviar v. Lillard*, 854 F.3d 286, 291–92 (5th Cir. 2017).

9